# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRISHA A. WELLER, | ) |
| Plaintiff, | ) |
| | ) 2:10-cv-00581-KJD-LRL |
| v. | ) |
| | ) **O R D E R** |
| QUALITY TOWING, | ) |
| Defendant. | ) |

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, although the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all

1  material allegations in the complaint are accepted as true and are to be construed in the light most
2  favorable to the plaintiff. *Russel v. Landrieu*, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro
3  se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v.*
4  *Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e),
5  the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies,
6  unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.
7  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

8        Plaintiff filed her Complaint on the court's civil rights complaint form for actions pursuant to
9  § 1983. The substance of plaintiff's allegations reveals, however, that plaintiff is not alleging a civil
10  rights violation under § 1983. Plaintiff states that in 2005 she "filed a sexual harassment case against
11  a manager" at her place of employment, the defendant in this action. She represents that, despite being
12  placed in separate work areas, the harassment by the manager has continued, and she was wrongfully
13  denied a promotion. On the basis on these allegations, the Complaint is more properly construed as a
14  federal action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

15        Plaintiff has not set out with sufficient detail the particular facts that would entitle her to relief
16  under Title VII, nor has she indicated when she was allegedly denied a promotion. Moreover, in order
17  to pursue a Title VII claim in federal court, one must have filed a charge with the U.S. Equal
18  Employment Opportunity Commission ("EEOC") or the Nevada Equal Rights Commission ("NERC")
19  and received a Notice of Right-to-Sue. *See* 42 U.S.C. § 2000e-5(f)(1). There is no indication that
20  plaintiff has filed such a complaint with the EEOC or NERC, nor does she proffer evidence of a Right-
21  to-Sue letter from the EEOC. Plaintiff's Complaint must be dismissed. Plaintiff will, however, be
22  given an opportunity to amend her Complaint. Should plaintiff file an amended complaint, it must cure
23  the deficiencies listed above.

24        Accordingly, and for good cause shown,
25  . . .
26  . . .

1   IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

2   IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion
3   without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma*
4   *pauperis* status shall not extend to the issuance of subpoenas at government expense.

5   IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint.

6   IT IS FURTHER ORDERED that the Complaint will be dismissed without prejudice.

7   IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by August 6, 2010
8   or her case may be dismissed with prejudice.

9   DATED this 6th day of July, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**